[No. 1588.]

GILLETT v. THE BOARD OF COUNTY COMMISSIONERS OF
LOGAN COUNTY.

1. TAXATION—ASSESSORS—REVIEW BY COURT.
Under section 3839, Mills' Ann. Stats., the courts have authority to re-
.view the action of assessors and determine whether assessments of
property for taxation are unjust or erroneous.
2. SAME—APPELLATE PRACTICE.
Where a taxpayer under section 3839, Mills' Ann. Stats., petitioned the
board of county commissioners for a correction of assessment, which
being refused he appealed to the district court who sustained the
board and refused to reduce the assessment, on appeal from the
district court the judgment of the district court will be accepted
by the appellate court as a finding of fact that the assessment was
just and the judgment will not be disturbed unless the evidence
shows clearly that the assessment was unjust.

*Appeal from the District Court of Logan County.*

Mr. W. E. CRISMAN, for appellant.

Mr. W. L. HAYS and Mr. GEO. E. McCONLEY, for appellee.

BISSELL, P. J.

While this is a somewhat anomalous procedure and raises
questions which have never been presented so far as we know
to the courts of the state, and parties have suggested some
novel and interesting questions respecting the power of the
courts to interfere with the actions of the assessors in the
state, the case turns wholly and entirely, as we look at it, on
matters of fact, and we shall affirm the judgment on that
question only, leaving undecided and undiscussed most of
the legal propositions which the parties have presented in
their briefs.

In 1896, the appellant, Gillett, was assessed for that year
on some 11,720 acres of land and his taxes amounted to

$501.68. These taxes he paid as by statute he was in duty bound, and thereafter filed with the board of county commissioners a petition wherein he set up that he was the owner of the land which was described and of the amount stated, and further averred that all the land was unjustly assessed by the assessor of Logan county at the sum of $1.12½ per acre. He further alleged that the true cash value did not exceed the sum of twenty-five cents per acre, and that his just assessment compared with other like property should not exceed that sum. He therefore prayed the board of county commissioners to modify the assessment according to the prayer, and to certify a copy of the order and judgment to the county treasurer, instructing him accordingly. The petition was duly presented to the board which promptly disallowed it and refused to reduce the assessment. Thereupon Gillett took an appeal to the district court and therein a hearing was had on the matters of fact involved.

There seems to be no question respecting the entire regularity of this procedure. According to our statute all taxable property must be listed and valued and assessed at its full cash value which that statute defines to be the amount at which the property would be appraised if taken in payment of a just debt from a solvent debtor. The statute further provides that whenever a person owning assessable property has been unjustly or erroneously assessed, he may petition the board of county commissioners before the 1st of the following January for a correction of the assessment. In his petition he is bound to describe the property, the sum at which it is assessed, its true cash value, and state what is a just assessment compared with other like properties. The board is given full power to grant or refuse the prayer, either in whole or in part, and when it is decided the petitioner may appeal from the decision of the board to the district court of the county in which the property is situated. There is provision likewise for the perfection of the appeal, and a further provision that he must pay the taxes before the appeal is allowed. The board or the court, in the consideration of the

petition, is bound to be governed by the values fixed on other assessable property, similarly situated in the county, for the purposes of taxation. Mills' Ann. Stats. secs. 3769, 3782, 3839, 3840, 3841.

When the cause was heard in the district court a large amount of evidence was produced by the petitioner tending to show the cash value of the property under the statutory definition of the term. There was also an attempt to show this property was unjustly assessed because assessed at a sum greater than that at which other property was assessed in the county. The argument of the appellee seems to proceed on the proposition that the whole matter of assessment is within the judgment and control of the assessor whose action in the premises may not be reviewed or controlled by the courts unless there be some proof offered tending to show fraud or mistake on the part of the assessor, or facts from which the court would of necessity deduce the conclusion that the assessor had levied an assessment which by reason of these facts would be fraudulent and unjust. We are cited to many cases in other states which undoubtedly hold the courts are without power to review the action of the assessor unless these elements of fraud are fully established. We do not regard these decisions as at all conclusive or decisive because the statute directly provides for this method of review and permits the court to determine whether the assessment as levied is unjust or erroneous. Just how far parties must go if they would overturn the action of the officer designated by the statute, we do not determine, for we do not regard the question as legitimately presented. The whole question is one of fact. On the proofs the court found the issues in favor of the board, and sustained the action of the assessor. Therefore we must conclude the court determined as a matter of fact that the assessment was not erroneous and was not unjust, but that it was in accordance with the general rule which prevailed in that county, and that the land assessed bore no greater burden than like lands similarly situated throughout the county. The court below having passed on this question

of fact we are at liberty to accept its conclusions and refuse to disturb the judgment. But further when we come to review the evidence and read the record as made by the appellant, we are unable to conclude that the assessment was unjust or erroneous, or that the land owned by Mr. Gillett bore a greater burden than was laid on all like lands similarly situated within the limits of the county. There is evidence in the record which tends to show that the cash value of such property in large blocks like this, available for grazing purposes, had a cash value of the sum at which the assessment was levied, to wit, $1.12½ per acre. We think also that the case clearly shows that all lands of this description situate within the limits of the county bore a like burden and the plaintiff is paying no more taxes on his land than are other owners of upland property within the limits of the county. We are therefore not at liberty to disturb the judgment. There is a good deal of argument attempted to be made on the comparison between the values of this pasturage land and bottom lands which are used for the purposes of cultivation, and which should be assessed, of course, at a higher sum, but which according to the appellant's contention are assessed at a less sum relatively than the sum at which these grazing lands are assessed. We cannot discover, nor are we able to assume from the evidence that these grazing lands are assessed at a greater relative sum than the tax levied on bottom lands under ditch which are the subject of cultivation. These matters are peculiarly within the knowledge of the officers charged with the duty of assessment, and likewise within the knowledge of the boards of county commissioners charged with the duty of determining the justness of the assessment laid, and where the evidence does not conclusively determine the contrary so that we are compelled to say that the court erred in its judgment, we may not on the record find as a matter of fact that these grazing lands bear by the assessment a greater relative burden than the bottom lands which are under irrigation, subject to cultivation, largely improved, and therefore of greater relative value. The evi-

dence is inconclusive in this particular, and not of the clear, precise, satisfactory, and convincing form that enables us on the record to determine what ought to be the relative assessment as between the two classes of lands. The matter has been determined by officers on whom the duty is laid to settle the question; it has been confirmed by the board who have the power and the right to determine the validity of the assessment and equalize it; it has been confirmed by the trial court before whom the witnesses were produced, and in this condition of the record, and in its present state of proof, we do not feel at liberty to disturb the judgment. We are quite free to admit that assessments are frequently laid by the officers charged with this duty which on their face are apparently unfair and inequitable, and possibly in many individual cases great hardship results to the taxpayer and he is required to pay more than his share of the public burdens. However true this may be, in order to enable the courts to interfere with the action of the taxing department of the government, it is the duty of the complaining party to make out a clear case, if he desires the court to rectify the wrong which he alleges has been done. We do not see that such a case has been made out by this record, and we shall therefore, as we have a right to do, accept the judgment of the trial court as conclusive on the matters of fact, which being done, leaves us without the right to disturb the judgment which has been entered.

It will therefore be affirmed.

*Affirmed.*